UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:15-CR-64-1BO


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | UNITED STATES' MOTION |
| v. | ) | FOR UPWARD DEPARTURE OR VARIANCE |
| | ) | AND MEMORANDUM IN SUPPORT |
| ELTON GARY | ) | |

The United States of America, by and through the United States
Attorney's Office for the Eastern District of North Carolina, moves
the Court upwardly depart from the anticipated advisory guideline
range at sentencing, pursuant to USSG § 4A1.3, and pursuant to USSG
§ 2E3.1, and other factors stated herein, based on the fact that
Defendant's criminal history category substantially under-
represents the seriousness of the Defendant's criminal history; the
danger that the Defendant presents to the public; and the likelihood
that he will commit other crimes. In support of this Motion, the
Government states the following.

Pursuant to USSG §4A1.3, the Court may consider an upward
departure if reliable information indicates that the Defendant's
criminal history substantially under-represents the seriousness of
the Defendant's past criminal conduct or the likelihood that the
Defendant will commit further crimes.  In determining whether to

1

depart, a court should consider "the nature of the prior offenses rather than simply their number," Id. cmt. n.2(B).

A district court may upwardly depart from the guidelines range when "the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(a)(1); United States v. Whorley, 550 F.3d 326, 341 (4th Cir.2009)(noting that an under-representative criminal history category is an encouraged basis for departure). In deciding whether to depart, the court may consider prior sentences not used in computing the criminal history category. USSG § 4A1.3(a)(2)(A). Eight of the Defendant's prior convictions are unscored, (paragraphs 12-18 and paragraph 25 of the PSR).

Reliable information warrants an upward departure in this case. The Defendant has an indelible inclination towards criminal activity. Defendant has multiple felony drug convictions. See, paragraphs 33 and 36. Additionally, the Defendant and his co-defendant, Erica Gary, along with their minor children, were together in a van when stopped by officers in Texas for the Possession of Marijuana over 50 Pounds but Under 2,000 Pounds felonious conviction in paragraph 36. The criminal history and the facts in the case sub judice show a propensity for the co-Defendants to commit the controlled substances felonies together.

2

The Defendant continuously returns to his criminal lifestyle as illustrated by his continuing criminal activity. As a result, the Defendant's criminal history substantially under-represents the seriousness of the Defendant's criminal history or the likelihood that the Defendant will commit further crimes.

It is also appropriate for a court to depart upwardly when the defendant's criminal history consists of crimes similar in nature to the present offense, as it is indicative of a propensity to commit a particular type of crime and shows a high probability of recidivism. United States v. Robinson, 2011WL6009839, at *5-6 (4th Cir. Dec. 2, 2011)(citing United States v. De Luna-Trujillo, 868 F.2d 122, 125 (5th Cir.1989)). The Fifth Circuit articulated this concept in this fashion:

> Prior similar adult criminal conduct may indicate the seriousness of the past crimes and the likelihood of future crimes whether or not it has resulted in a conviction. The recidivist's relapse into the same criminal behavior demonstrates his lack of recognition of the gravity of his original wrong, entails greater culpability for the offense with which he is charged, and suggests an increased likelihood that the offense will be repeated yet again. While the prior similar adult criminal conduct that has resulted in a conviction may have already been counted under section 4A1.2 (e)(1) or (2) when computing the criminal-history category, the similarity between the two offenses provides the district court with additional reason to enhance the sentence under 4A1.3.

De Luna-Trujillo, 868 F.2d at 125 (internal punctuation omitted).

Defendant's criminal history includes multiple drug

3

convictions: paragraphs 31, 33, and 36. The prior convictions are similar in nature to the count of Possession with the Intent to Distribute More than 50, But Less than 100 Marijuana Plants, and Aiding and Abetting as charged in the Superseding Indictment.

An Upward Departure, or variance, also is warranted based on the length of the Defendant's history of the Defendant's ownership of game dogs, his kennel, and dog fighting as well as the extraordinary cruelty to an animal. See, Sentencing Guidelines, Section 2E2.1, application note 2. Defendant's conduct resulted in maiming, and other serious injuries to animals recovered from his property in Roanoke Rapids, North Carolina, on or about April 7, 2013. An upward departure or variance also is warranted should the Court sustain any of the Defendant's objections to the Presentence Report.

In the Defendant's and co-defendant Erica Gary's bedroom, Halifax County deputies and officers seized historical records relating to game dogs. See, Report of Mark Barnhart, USDA OIG, attached hereto and incorporated herein by reference as Exhibit A. Further, for a long period of time, the Defendant, his son, Zhaqwaun Gary, and others operated a kennel for game dogs, Square Biz Kennels. Finally, the veterinary records relating to the condition of the American pit bull terriers that were seized show several severe injuries to the animals that are associated with dog

4

fighting.  See, report of Dr. Melinda Merck, attached hereto and incorporated herein by reference as Exhibit B.

WHEREFORE, the United States respectfully requests that the Court grant the United States' Motion for an upward departure.

This, the 7th day of October, 2016.

JOHN STUART BRUCE
United States Attorney


*/s/ S.Katherine Burnette*
S. KATHERINE BURNETTE
Assistant United States Attorney
Criminal Division
U.S. Attorney's Office, EDNC
310 New Bern Avenue, Suite 800
Raleigh, North Carolina 27601
Telephone: 919-856-4530
Fax: 919-856-4487
NC Bar No. 12455

## CERTIFICATE OF SERVICE

This is to certify that I have this the 7th day of October, 2016, served a copy of the foregoing Motion for Upward Departure upon the Defendant by electronically filing the foregoing with the Clerk of court, using the CM/ECF system which will send notification of such filing to:

> Ms. Katherine Shea
> Office of the Federal Public Defender
> Raleigh, North Carolina

> */s/ S. Katherine Burnette*
> S. KATHERINE BURNETTE
> Assistant United States Attorney
> Criminal Division
> U.S. Attorney's Office, EDNC
> 310 New Bern Avenue, Suite 800
> Raleigh, North Carolina 27601
> Telephone: 919-856-4530
> Fax: 919-856-4487
> NC Bar No.12455